UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LOIS MOLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 1:18-cv-2505 |
| ) | |
| LIFE INSURANCE COMPANY OF NORTH ) | |
| AMERICA, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

The Plaintiff, Lois Moland, by and through the undersigned counsel, Bridget O'Ryan, files this Complaint against Life Insurance Company of North America ("LINA") and as cause therefore states as follows:

**I. JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Lois Moland brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132.

2. Lois Moland is a resident of Lynn, Indiana and a citizen of the State of Indiana.

3. Life Insurance Company of North America ("LINA") is a Pennsylvania company doing business in Indiana. LINA's principal place of business is in Philadelphia, Pennsylvania.

4. Lois Moland is insured under a disability income policy ("disability policy") issued by LINA.

5. Pursuant to the disability policy, LINA promises to pay monthly disability benefit payments in the event Ms. Moland is unable to work due to illness.

1

6. Venue in the Southern District of Indiana is appropriate by virtue of the Plan being administered in this District.

## II.  FACTUAL ALLEGATIONS

6. Lois Moland began working for Jason Incorporated in April 2007 as a Factory Worker.

7. Ms. Moland was forced to stop working when she became totally disabled due to severe degenerative changes in her left hip, scoliosis, severe degenerative disc disease at L4-5, L2-3, facet arthrosis in her lower lumbar spine, left hip degenerative joint disease, osteoporosis and bulging discs.  Her date of disability is June 29, 2017.

8. When Ms. Moland was forced to stop working, she applied for short-term disability benefits offered through the Jason Incorporated disability plan which is administered by LINA.

8. LINA denied payment of Ms. Moland's STD benefits.

9. Ms. Moland appealed LINA's decision on March 30, 2018; however, the STD claim is a "payroll practice" claim which is exempt from ERISA and there is no appeal process is required.

10. Subsequently, on April 6, 2018, Ms. Moland applied for long term disability benefits, which are insured by LINA, when it became clear that she would be unable to return to work after the expiration of the short term disability time period.

11. The ERISA regulations require that a determination be issued within 45 days of the LTD application.

12. As of the date of the filing of this Complaint, LINA has failed to issue a determination on Ms. Moland's long term disability application, within the maximum 45 day regulatory deadline; accordingly, the Court shall hear this case *de novo*.

13. In further support of Ms. Moland's disability claim, Ms. Moland was awarded Social Security Disability Benefits, meeting the Social Security Administration's standard of being unable to engage in any substantial gainful activity.

14. Ms. Moland is disabled under the terms of the Jason short term disability plan and the LINA policy.  She has provided Defendant with ample medical proof that she is disabled. Despite this proof, Defendant refuses to pay Ms. Moland her short term and long term disability benefits.  As a result of the denial of benefits, Ms. Moland has suffered and continues to suffer from serious financial and emotional distress.

15. Ms. Moland has provided significant medical proof of her disability from her treating physicians, who have repeatedly opined that Ms. Moland is totally disabled from performing any occupation.

### III.  CLAIM FOR RELIEF

### WRONGFUL DENIAL OF EMPLOYEE BENEFITS

16. Paragraphs 1-15 are hereby realleged and incorporated herein by reference.

17. From June 29, 2017, when Lois Moland was forced to leave active employment, until the present, Ms. Moland remains unable to perform the material duties of her regular occupation or any occupation for which she is reasonably qualified based on her education, training or experience.

18. Ms. Moland provided the Defendant with ample medical evidence to verify her disability under the Policy.

19. The Defendant has intentionally and without reasonable justification denied Ms. Moland's disability benefits in violation of Plan and ERISA.

### BREACH OF FIDUCIARY DUTY

20. Paragraphs 1-19 are hereby realleged and incorporated herein by reference.

21. LINA is a fiduciary under the Jason Incorporated short term disability plan.

22. LINA processed and adjudicated Ms. Moland's short term disability claim.

23. LINA's wrongful denial of Ms. Moland's short term disability claim constitutes a breach of LINA's fiduciary duties owed to Ms. Moland as the administrator of the short term disability plan.

24. Ms. Moland has suffered financial and emotional damages as a result of LINA's denial of her short term disability benefits.

WHEREFORE, the Plaintiff, Lois Moland, requests that this Honorable Court enter Judgment:

A. Finding that Lois Moland is entitled to short term and long term disability benefits and order the Defendant to pay the past due benefits.

B. Finding that Lois Moland is entitled to short term and long term disability benefits and order the Defendant to pay for future monthly benefits as they become due.

C. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendant's wrongful denial of benefits.

E. Awarding all other relief as may be just and appropriate.

Respectfully Submitted,

s/Bridget O'Ryan
Bridget O'Ryan
Attorney for Lois Moland
O'Ryan Law Firm
1901 Broad Ripple Avenue
Indianapolis, IN 46220
(317) 255-1000
Fax: (317) 255-1006
boryan@oryanlawfirm.com